UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

| | | |
|---|---|---|
| R. ALEXANDER ACOSTA, | ) | |
| Secretary of Labor, | ) | |
| United States Department of Labor, | ) | FILE NO. |
| | ) | |
| Plaintiff, | ) | _____ |
| | ) | |
| v. | ) | |
| | ) | |
| FORUM NETWORK EVENTS, INC., | ) | |
| FORUM NETWORK EVENTS 401(K) PLAN and | ) | |
| STEVE PARSLOE, an individual, | ) | |
| | ) | |
| | ) | **C O M P L A I N T** |
| Defendants. | ) | (**Injunctive Relief Sought**) |

Plaintiff R. Alexander Acosta, Secretary of Labor, UNITED STATES DEPARTMENT OF LABOR ("the Secretary") alleges as follows:

1. This cause of action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq., and is brought by the Secretary under § 502(a)(2) and (5) of ERISA, 29 U.S.C. § 1132(a)(2) and (5), to enjoin acts and practices which violate the provisions of Title I of ERISA, to obtain appropriate relief for breaches of fiduciary duty under ERISA § 409, 29 U.S.C. § 1109, and to obtain such other further relief as may be appropriate to redress violations and enforce the provisions of that Title.

2. This court has subject matter jurisdiction over this action pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

3. Venue lies in the Middle District of Florida pursuant to § 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

4. Defendant **Forum Network Events 401(k) Plan** (hereinafter "the Plan") is an employee benefit plan within the meaning of § 3(3) of ERISA, 29 U.S.C. § 1002(3), subject to coverage under ERISA pursuant to § 4(a), 29 U.S.C. § 1003(a), and is joined as a party defendant herein pursuant to Rule 19(a) of the Federal Rules of Civil Procedure solely to ensure that complete relief may be granted.

5. Defendant **Forum Network Events, Inc.** ("the Company"), a Florida Corporation, was at all times relevant to this action a "fiduciary" within the meaning of § 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A) and a "party in interest" within the meaning of § 3(14) of ERISA, 29 U.S.C. § 1002(14)(A) and (C).

6. Defendant **Steve Parsloe** ("Parsloe"), an individual and Plan Trustee was at all relevant times a "fiduciary" to the Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), and a "party in interest" to the Plan within the meaning of ERISA § 3(14)(A) and (C), 29 U.S.C. § 1002(14)(A) and (C). Upon information and belief, Parsole resides in Sarasota, Florida.

7. The Plan was established by the Company January 1, 2014.

8. The Plan permitted participants to contribute a portion of their pay to the Plan through payroll deductions.

9. In accordance with 29 C.F.R. § 2510.3-102, participant contributions were required to be forwarded to the Plan on the earliest date on which such contributions could reasonably be segregated from the employer's general assets.

10. As of March 6, 2017, the Plan had 4 participants and $11,671.28 in Plan

assets.

11. For payroll periods between March 27, 2015 and March 22, 2016, Defendants the Company and Parsloe withheld employee contributions to the Plan in the amount of $12,922.65, failed to segregate the contributions from Company assets as soon as they reasonably could do so and failed to timely forward them to the Plan in accordance with ERISA and the governing Plan documents.

12. During the periods that participant contributions were not remitted to the Plan as required, Defendants caused or allowed the contributions to be commingled with the general assets of the Company.

13. Defendants the Company and Parsloe caused or allowed the commingled funds referred to in the preceding paragraph to be used for Company purposes and obligations rather than for the exclusive benefit of the Plan and the participants.

14. Defendants have failed to take action to restore to the Plan the full amount of the un-remitted contributions plus lost interest that would have accrued but for the actions described in the preceding paragraphs.

15. Defendants failed to operate the Plan in accordance with Plan documents governing the Plan.

16. When the Company was sold in 2015, Defendants failed to administer the Plan and have effectively abandoned it, as a result of which participants are unable to receive information about their funds and are unable to gain access to their funds.

17. Defendants failed to monitor, control or attempt to rectify the acts of one another with respect to the Plan.

18. By the actions described in paragraphs 9 through 15, Defendants, as fiduciaries of the Plan,

(a) failed to discharge their duties with respect to the Plan solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of administering the Plan, in violation of ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A);

(b) failed to discharge their duties with respect to the Plan solely in the interest of the participants and beneficiaries and with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims, in violation of ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B);

(c) failed to discharge their duties with respect to the Plan in accordance with the documents and instruments governing the plan, insofar as such documents and instruments are consistent with ERISA, in violation of ERISA § 404(a)(1)(D), 29 U.S.C. § 1104(a)(1)(D);

(d) failed to ensure that all assets of the Plan be held in trust by one or more trustees, in violation of ERISA § 403(a), 29 U.S.C. § 1103(a);

(e) failed to ensure that the assets of the Plan did not inure to the benefit of the Company, in violation of ERISA § 403(c)(1), 29 U.S.C. § 1103(c)(1);

(f) caused the Plan to engage in transactions which they knew or should have known constituted the direct or indirect transfer of Plan assets to, or use of Plan assets by or for the benefit of a party in interest, in violation of ERISA § 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D);

(g) dealt with assets of the Plan in their own interest or for their own account, in violation of ERISA § 406(b)(1), 29 U.S.C. § 1106(b)(1); and

(h) acted in the transactions described involving the Plan on behalf of a party whose interests were adverse to the interests of the plan or the interests of its participants and beneficiaries in violation of § 406(b)(2) of ERISA, 29 U.S.C. § 1106(b)(2).

WHEREFORE, pursuant to § 502(a)(2) and (5) of ERISA, 29 U.S.C. § 1132(a)(2) and (5), Plaintiff prays that the Court:

A. Order Defendants, jointly and severally, to restore to the Plan all losses, including interest or lost opportunity costs, which occurred as a result of his breaches of fiduciary obligations

B. Order that the Plan set off the individual Plan accounts of any Defendant against the amount of losses, including lost opportunity costs, resulting from their fiduciary breaches, as authorized by § 1502(a) of the Taxpayer Relief Act of 1997, Pub. L. No. 105-34, § 1502(a), 111 Stat. 788, 1058-59 (1997) (codified at 29 U.S.C. § 1056(d)(4)), if the losses are not otherwise restored to the Plan by the Defendants and reallocated to the non-breaching participants;

C. Appoint an independent successor fiduciary or administrator, at Defendants' expense to arrange for termination of the Plan and distribution of its assets;

D. Permanently enjoin Defendants from serving as fiduciary, administrator, officer, trustee, custodian, agent, employee, representative, or having control over the assets of any employee benefit plan subject to ERISA;

E. Enjoin Defendants from engaging in any further action in violation of Title I of ERISA;

    F.    Award Plaintiff the costs of this action; and

    G.    Provide such other relief as may be just and equitable.

| | |
|---|---|
| <u>ADDRESS</u>: | NICHOLAS C. GEALE<br>Acting Solicitor of Labor |
| Office of the Solicitor<br>U. S. Department of Labor<br>61 Forsyth Street, S.W.<br>Room 7T10<br>Atlanta, GA  30303 | STANLEY E. KEEN<br>Regional Solicitor<br><br>ROBERT M. LEWIS, JR.<br>Counsel |
| Telephone:<br> (404) 302-5463<br> (404) 302-5438 (FAX) | By:<u>/s/ Jaslyn W. Johnson</u><br>   Jaslyn W. Johnson<br>   Attorney<br>   CA Bar No. 313838<br>   Johnson.jaslyn.w@dol.gov<br><br>Office of the Solicitor<br>U. S. Department of Labor<br>Attorneys for Plaintiff. |